UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT FRANCIS GALLAGHER,

        Petitioner,                      Case Number: 04-60066

v.                                           HON. MARIANNE O. BATTANI

KURT JONES,

        Respondent.
_____/

### ORDER (1) GRANTING PETITIONER'S MOTION TO LIFT STAY, (2) DENYING PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION, MOTION FOR GINTHER-EVIDENTIARY HEARING, AND MOTION FOR APPOINTMENT OF COUNSEL, (3) ADMINISTRATIVELY REOPENING CASE, AND (4) REQUIRING RESPONSIVE PLEADING

Petitioner Robert Francis Gallagher filed a *pro se* petition for a writ of habeas corpus on February 6, 2004, challenging his conviction for assault with intent to murder. He then filed an Application to Stay Habeas Corpus Proceedings and Allow Petitioner to Exhaust Other Claims in State Court. On September 3, 2004, the Court issued an Order Granting Petitioner's Application to Stay Habeas Corpus Proceedings and Administratively Closing Case. Petitioner has now filed the following documents: "Motion for Leave to Appeal and Grant a Writ of Habeas Corpus" [Dkt. # 10], "Motion for Expedited Consideration" [Dkt. # 11], "Motion for Ginther-Evidentiary Hearing" [Dkt. # 12], "Motion for Appointment of Counsel" [Dkt. # 13], and "Application for Writ of Habeas Corpus."

The Court construes Petitioner's "Motion for Leave to Appeal and Grant a Writ of Habeas Corpus" as a "Motion to Lift Stay." Petitioner earlier had moved for a stay in these proceedings so that he could return to state court and present previously unexhausted claims challenging his conviction. Petitioner argues that he has now exhausted his state court remedies and that the petition, therefore, is ready for review by this Court. The Court shall lift the stay and administratively reopen the proceedings. In lifting the stay, the Court makes no finding at this time as to whether Petitioner has properly exhausted all of the claims presented in his habeas petition.

Petitioner has filed an Application for a Writ of Habeas Corpus, which presents additional claims not previously presented in his original habeas petition. The Court shall, therefore, treat this Application as Petitioner's "First Amended Petition."

Petitioner also has filed a "Motion for Expedited Consideration." In this Order, the Court sets a responsive pleading deadline of May 14, 2006. Petitioner provides no compelling reason which would warrant a ruling by this Court prior to that date. Once the Court has received Respondent's answer, the Court will rule on the petition in a timely manner. Accordingly, the Court will deny Petitioner's Motion for Immediate Consideration.

Petitioner also has filed a motion for appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. <u>Childs v. Pellegrin</u>, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter

2

within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time.

Finally, Petitioner has filed a motion for an evidentiary hearing.  Petitioner's motion for an evidentiary hearing at this point in the proceedings is premature.  Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, **after the answer and the transcript and record of state court proceedings are filed**, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

See Rule 8, Rules Governing Section 2254 Cases (emphasis supplied).  Respondent's answer to Petitioner's application for writ of habeas corpus is not due to be filed until May 14, 2006.  Therefore, the Court shall deny this Motion.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion to Lift Stay [Dkt. # 10] is **GRANTED**.  The Clerk of Court is directed to reopen this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of Petitioner's First Amended Petition [Dkt. # 14] and a copy of this Order on Respondent

and on the Attorney General for the State of Michigan as provided in Rule 4, Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondent file an answer responding to the allegations of the petition in accordance with Rule 5, Rules Governing Section 2254 Cases, by **May 14, 2006.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Expedited Consideration" [Dkt. # 11], "Motion for Ginther-Evidentiary Hearing" [Dkt. # 12], and "Motion for Appointment of Counsel" [Dkt. # 13] are **DENIED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2005